UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-22727-CIV-MORENO

DIEUMAITRE NIAS,

    Plaintiff,

vs.

THE CITY OF FLORIDA CITY and OFFICER
DERON JOY,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Complaint **(D.E. No. 4)**, filed on **October 29, 2007**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in part and DENIED in part for the following reasons.

### Background

At all times material, Plaintiff was a citizen and resident of the state of Florida. Defendant CITY OF FLORIDA CITY ("Defendant City") was and is a political subdivision of the State of Florida, and employer of Defendant Officer DERON JOY ("Defendant Joy"). Defendant Joy is a citizen and resident of Miami-Dade County, Florida. (Nias Complaint ¶¶ 6-9).

The facts as alleged by the Plaintiff in his Complaint are as follows: On November 10, 2006, Defendant Joy pulled Plaintiff over as Plaintiff drove on South Dixie Highway in Florida

City. Plaintiff asserts he was driving lawfully at the time Defendant Joy pulled him over. (Nias Complaint ¶ 10).

As Plaintiff attempted to exit the vehicle, Defendant Joy allegedly "pounced" on Plaintiff, handcuffing, battering, and dragging him into the police vehicle. Defendant Joy then drove Plaintiff to the police station, where he took Plaintiff's driver's license. (Nias Complaint ¶¶ 11-13).

Plaintiff alleges that, while at the station, he was body-searched, booked, fingerprinted, photographed, and detained in a holding facility normally used for the detention of prisoners charged with serious crimes. Plaintiff was told he was charged with reckless driving and a seatbelt violation. After several hours, without receiving any medical treatment, Plaintiff was released. Defendant City and Defendant Joy have refused requests to return Plaintiff's license. The charges against Nias were dismissed. (Nias Complaint ¶¶ 14-17, 20).

Plaintiff filed a 10-count claim against Officer Joy and the City of Florida City on **October 16, 2007**, alleging as follows: Count I, 42 U.S.C. § 1983 Claim for Excessive Force (against Defendant Joy); Count II, 42 U.S.C. § 1983 Claim for False Imprisonment (against Defendant Joy); Count III, 42 U.S.C. § 1983 Claim for Excessive Force (against Defendant City); Count IV, Claim Under Florida Law for Assault (against Defendant Joy); Count V, Claim Under Florida Law for Battery (against Defendant Joy); Count VI, Vicarious Liability Claim Under Florida Law for Assault (against Defendant City); Count VII, Vicarious Liability Claim Under Florida Law for Battery (against Defendant City); Count VIII, Vicarious Liability Claim Under Florida Law for False Imprisonment (against Defendant City); Count IX, Florida Law Claim for Intentional Infliction of Emotional Distress (against Defendant City and Defendant Joy); Count X, Florida Law Claim for Malicious Prosecution (against Defendant City and Defendant Joy).

Defendants moved to dismiss this Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fla.

Stat. § 768.28. The following Order will analyze the above counts as to each Defendant individually.

**Motion to Dismiss Standard**

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. Glover v. Ligett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." Id. at 1974.

**Analysis**

**I. 42 U.S.C. § 1983 Claims**

A. *Counts I and II: 42 U.S.C. § 1983 Claims against Defendant Joy for Excessive Force and False Imprisonment*

Defendants moved for dismissal of Plaintiff's entire Complaint. However, in their Motion to Dismiss **(D.E. No. 4)**, Defendants did not address Counts I or II. Defendants subsequently filed an Answer **(D.E. No. 9)** with Affirmative Defenses to Count I and II, claiming qualified immunity. In his Reply **(D.E. No. 10)**, Plaintiff denied all affirmative defenses.

In view of the fact that Defendants did not respond to Counts I or II of Plaintiff's

Complaint in their Motion to Dismiss, and subsequently filed an Answer to each of those counts respectively, it is **ADJUDGED** that Defendants' Motion to Dismiss Counts I and II is **DENIED**.

### B. *Count III: 42 U.S.C. § 1983 Claim for Excessive Force against Defendant City*

In his Complaint, Plaintiff alleges that Defendant City has the authority to hire, fire and/or discipline all persons it employs, and establishes policies, procedures, and customs when it comes to the usage of force and detention. (Nias Complaint ¶ 33). Pursuant to these policies and procedures, Defendant City is the final authority with respect to the detention and physical abuse of the Plaintiff. (Nias Complaint ¶ 34). Additionally, Plaintiff asserts that at all times material, Defendant City was responsible for the training, supervision and conduct of its police officers, for enforcing police department regulations, and ensuring that the police personnel of Defendant City obeyed the laws of the State of Florida and the United States of America. (Nias Complaint ¶ 9).

Defendants argue that Count III fails to identify any specific established policies and procedures that Defendant City adopted that were the impetus behind Defendant Joy's allegedly unconstitutional acts. Further, Defendants assert Plaintiff uses vague and conclusory allegations of customs or policies without identifying them in the pleadings.

Under 42 U.S.C. §1983, municipalities may not be held liable under theories of vicarious liability or respondeat superior. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 707 (1978); Skop v. City of Atlanta, 485 F.3d 1130, 1145 (11th Cir. 2007) (stating "it is by now axiomatic that in order to be held liable for a § 1983 violation, a municipality must be found to have *itself* caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory"). Municipalities are liable for injuries inflicted by their employees or

agents under 42 U.S.C. § 1983 if those agents are acting in accord with the municipality's official policy or custom. See Monell, 436 U.S. at 694-95; See also Skop, 485 F.3d at 1145.  The official policy or custom must be the "moving force" of the constitutional violation. Monell, 436 U.S. at 694-95; City of Oklahoma City v. Tuttle, 471 U.S. 808, 824, n. 8 (1985) ("There must at least be an affirmative link between the training inadequacies alleged, and the particular constitutional violation at issue."); Brown v. City of Hialeah, 30 F.3d 1433, 1438 (11th Cir. 1994) ("[A] plaintiff must establish that the city policy, custom, or practice is the moving force behind the unconstitutional acts of its police officers").

Defendants assert that the main problem warranting dismissal is Plaintiff's vague and conclusory allegation of inadequate customs or policies without identifying any one custom with specificity in the pleadings. See Gutierrez v. City of Hialeah, 723 F. Supp. 1494 (S.D. Fla. 1989). In Gutierrez, the plaintiffs attempted to hold the city liable for an isolated shooting by a police officer.  The Court concluded that for plaintiffs to state a claim for violation of § 1983, they had to establish more than merely the city's right to control the officer's conduct. See Gutierrez, 723 F. Supp. at 1499.  Judge Spellman ruled that the plaintiffs' complaint merely stated "conclusory allegations that the city instituted policy and custom permitting officers to use excessive force . . . Such conclusory allegations alone are insufficient to state a claim for relief against the city." Id. at 1500.

As in Gutierrez, Plaintiff's Complaint fails to allege any specific City policy, custom, or training inadequacy.  Instead, the Complaint merely points out Defendant City's general duty to train and oversee its employees.  None of Plaintiff's assertions link the training Defendant Joy received to Defendant Joy's actions as a "moving force" behind those actions as required by Monell and its progeny.  Merely highlighting Defendant City's right to control Defendant Joy's

conduct is insufficient to state a claim under 42 U.S.C. § 1983.  For these reasons, it is **ADJUDGED** that Defendants' Motion to Dismiss Count III against Defendant City is **GRANTED** without prejudice.  Plaintiff may refile his § 1983 Claim against Defendant City by no later than **July 1, 2008** in accordance with the terms of this Order.

**II. Florida Law Tort Claims**

A.  *Counts VI, VII, VIII: Vicarious Liability Claims Against Defendant City Under Florida Law for Assault, Battery, and False Imprisonment*

Defendants argue that the state common law tort claims in Counts VI, VII, and VIII against Defendant City should be dismissed because the Complaint fails to properly allege compliance with Fla. Stat. § 768.28.  To be in compliance, Plaintiff must include clear and unequivocal language that the sovereign has waived its sovereign immunity.  Arnold v. Shumpert, 217 So. 2d 116, 120 (Fla. 1968); Manatee County v. Town of Longboat Key, 365 So. 2d 143, 147 (Fla. 1978).

Plaintiff argues that he has complied with all provisions of Florida Statute §768.28, including the requirements of notice.  Plaintiff asserts that Defendant City neglected to respond within six months of notice prescribed under Florida Statute §768.28, and this neglect constituted a waiver.  Finally, Plaintiff argues that neither the statute nor case law requires Plaintiff to itemize all steps taken to satisfy the conditions precedent required for the waiver of sovereign immunity.

This Court dismisses Counts VI, VII, and VIII against Defendant City not for the reasons asserted in Defendants' Motion to Dismiss, but because the Eleventh Amendment prohibits suits in

federal court against state agencies based on state law, even if a claim is brought under pendant or supplemental jurisdiction. Webb v. Dept. of Children and Families, 2007 WL 2948621, at *2 (M.D. Fla. Oct. 10, 2007) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984)).

While Fla. Stat. § 768.28 waives Florida's sovereign immunity from tort liability in *state* court, it clearly does not waive Florida's immunity from tort suits in the "federal fora."[1] Terrell v. United States, 783 F.2d 1562, 1565, (11th Cir. 1986); see also Schopler, D.D.S. vs. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990) ("[S]ection 768.28 does not waive Florida's Eleventh Amendment immunity"); and Arthur v. Fla. Dep't of Transp., 587 F. Supp. 974, 975 (S.D. Fla. 1984) ("Although section 768.28, Fla. Stat., waives the sovereign immunity of the State or any of its 'agencies or subdivisions' for tort suits in an 'appropriate forum,' no specific mention is made, as required by law, of tort suits in federal court");

Even if Plaintiff *complied fully* with the statutory notice and pleading requirements of §768.28, he cannot pursue these state law tort claims in federal court.  Because the Plaintiff has sued a state agency which, for Eleventh Amendment purposes, is the equivalent of the State of Florida, these claims must be dismissed as barred by the Eleventh Amendment.  See Henry-Evans v. State of Fla. Dept. of Corrections, 2006 WL 1517139, at *2 (M.D. Fla. May 24, 2006).   It is therefore **ADJUDGED** that Counts VI, VII, and VIII against Defendant City are **DISMISSED**, with leave to refile in state court.

---

[1] Fla. Stat. § 768.28(18) specifically states, "No provision in this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court."

B. *Counts IV, V, and X: Florida Law Claims against Defendant Joy for Assault, Battery, and Malicious Prosecution*

In Paragraph 8 of his Complaint, Plaintiff alleges that Defendant Joy acted within the course and scope of his employment, and under the color of law as a police officer. (Nias Complaint ¶ 8). Plaintiff incorporates Paragraph 8 into all ten counts of the Complaint. In the first two common law tort counts (IV, V) against Defendant Joy, Plaintiff also alleges that Defendant Joy acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard for the Plaintiff's safety. (Nias Complaint ¶¶ 39, 42). Further, in Count X, Plaintiff alleges that Defendant Joy's prosecution was willful, malicious, and in callous and reckless disregard of Plaintiff's rights. (Nias Complaint ¶ 71).

Defendants assert that the Complaint contains inconsistent allegations that Defendant Joy acted both within his scope of employment at the time of the stop, and in bad faith outside the scope of his employment. Defendants argue that Plaintiff cannot make inconsistent allegations simultaneously within the same count. Defendants rely on McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996), arguing that under Fla. Stat. §768.28(9)(a)[2], a plaintiff may not sue a police officer individually if the officer's actions are committed within his scope of employment. In turn,

---

[2] Fla. Stat. § 768.28(9)(a) states, "No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property . . . The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."

a plaintiff may not recover from the sovereign where the actions of the officer are committed in bad faith or with malicious purpose. See McGhee, 679 So. 2d at 732. Defendants therefore argue that Plaintiff inconsistently pled that Defendant Joy committed tortious acts within his scope of employment to pin liability against Defendant City, and at the same time alleges Defendant Joy committed acts in bad faith to pin liability against the officer himself.

Plaintiff claims that a party may assert inconsistent claims in the same pleading under Fed. R. Civ. P. 8, relying on Johnson v. State Dept. of Health and Rehabilitation, 695 So. 2d 927 (Fla. 2d DCA 1997). In that case, Johnson pursued claims against a city agency in state court under §768.28(9)(a) for acts of the city's officers and agents committed within the scope of employment and, in the alternative, pursued personal liability of defendants for acts in bad faith or with malicious purpose. Judge Patterson stated that "the problem, if any, is that she [Plaintiff] has made the alternative allegations *within the same count* of the Complaint. While we think it a better practice to have separated the alternative allegations in separate counts, we do not find the matter in which the Complaint is structured to be a proper basis for dismissal." Johnson, 695 So. 2d at 930.

This Court agrees with the logic of Johnson, and finds no problem with Plaintiff pleading opposing theories of liability under Fla. Stat. § 768.28(9)(a) in *state* court. Plaintiff, however, filed this case in *federal* court where, as mentioned above, there is no waiver of sovereign immunity. Fla. Stat. § 768.28(18) (2006). Because "a suit against a government officer in his official capacity [or within his scope of employment] is simply a suit against the relevant governmental entity" Brown v. Neuman, 188 F.3d 1289, 1290 n.1 (11th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159 (1985)), allowing the claims to go forward against the individual Defendant Joy in his official capacity would be an end run around Fla. Stat. § 768.28(18). Therefore, to the extent

Plaintiff is making a state tort claim against Defendant Joy in his official capacity, that claim is dismissed as violative of the sovereign immunity statute.

It is therefore **ADJUDGED** that Defendant's Motion to Dismiss Counts IV, V, and X is **GRANTED** in part, only as to Plaintiff's allegations that Defendant Joy acted in his official capacity, within the scope of his employment.  Plaintiff may still maintain that Defendant Joy acted with bad faith, since only personal liability can result from a finding in Plaintiff's favor under Fla. Stat. § 768.28(9)(a).  Plaintiff has leave to file an amended Complaint as to Counts IV, V, and X by no later than **July 1, 2008**, or refile the state law tort actions of assault, battery, and malicious prosecution under § 768.28(9)(a) in state court against Defendant Joy.

### III. Intentional Infliction of Emotional Distress & Malicious Prosecution Claims

A. *Counts IX and X: Florida Law Claim Against Defendant City for Intentional Infliction of Emotional Distress and Malicious Prosecution*

In view of the parties' agreement that a Florida governmental entity cannot be held liable for claims involving elements of malice under Fla. Stat. § 768.28(9), Counts IX and X against Defendant City are **DISMISSED** with prejudice, and without objection.

B. *Count IX: Florida Law Claims Against Defendant Joy for Intentional Infliction of Emotional Distress*

To state a claim of intentional infliction of emotional distress, a plaintiff must establish that (1) [t]he wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. See Williams v. The City of Daytona Beach, 2005 WL 1421293, at *7 (M.D. Fla. June 16, 2005) (citing Clemente v. Horne, 707 So. 2d 865, 868 (Fla. 3rd DCA 1998). The issue of whether allegations rise to the required level of outrageous conduct is a question of law, not fact, and is determined by the Court. Williams, 2005 WL 1421293, at *7.

Defendants argue that Plaintiff's claim failed to allege facts that reach the level of "outrageous conduct" that the Florida courts require for this tort claim to proceed to trial. In determining whether conduct is outrageous, the Supreme Court of Florida has relied upon the definition contained in the Restatement of Torts. Williams, 2005 WL 1421293, at *7. "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985) (citing Restatement (Second) of Torts § 46 (1965)). Additionally, "a heightened degree of outrageousness can be supplied by facts showing extreme abuse of position." Williams, 2005 WL 1421293, at *7 (citing Dependable Life Ins. Co. v. Harris, 510 So. 2d 985, 988 (Fla. 5th DCA 1990)).

In Williams, the plaintiff alleged an unwarranted, unprovoked detention by law enforcement officers resulting in physical abuse and assault. Williams, 2005 WL 1421293, at *9. Additionally, Plaintiff alleged severe emotional distress and physical injury as a result of this conduct. Id. The Middle District of Florida found that the allegations of Plaintiff's complaint were sufficient to support a claim of extreme and outrageous conduct, and denied the defendants' motion to dismiss for failure to state a claim. Id.

In the instant case, viewing the facts alleged in the light most favorable to the Plaintiff, this Court does not agree with Defendants that Plaintiff failed to state a proper claim against Defendant Joy for intentional infliction of emotional distress. Just as the plaintiff in Williams described his confrontation with law enforcement officers, Plaintiff too has described an unwarranted, unprovoked assault and detention by Defendant Joy. (Nias Complaint ¶¶ 11-16). Plaintiff also alleged that Defendant Joy's conduct was reckless or intentional, outrageous, and that as a result of Defendant Joy's conduct, Plaintiff suffered severe emotional distress, bodily injury, pain and suffering, mental anguish, psychological injury, and humiliation. (Nias Complaint ¶¶ 61-67). In view of these facts and the heightened degree of outrageousness that can be supplied by an abuse of position, it is **ADJUDGED** that Defendant's Motion to Dismiss Count IX against Defendant Joy is **DENIED**.

**Conclusion**

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that Defendants' Motion to Dismiss with respect to

(a) Count I is **DENIED**;

(b) Count II is **DENIED**;

(c) Count III is **GRANTED**, with leave to file an amended Complaint by **July 1, 2008** in accordance with this Order;

(d) Count IV is **GRANTED in part** and **DENIED in part**, with leave file an amended Complaint by **July 1, 2008** in accordance with this Order;

(e) Count V is **GRANTED in part** and **DENIED in part**, with leave to file and amended Complaint by **July 1, 2008** in accordance with this Order;

(f) Count VI is **GRANTED**, with leave to refile in state court;

(g) Count VII is **GRANTED**, with leave to refile in state court;

(h) Count VIII is **GRANTED**, with leave to refile in state court;

(i) Count IX is **GRANTED**, as against Defendant City and **DENIED,** as against Defendant Joy;

(j) Count X is **GRANTED**, as against Defendant City, and **GRANTED in part** and **DENIED in part** as against Defendant Joy, with leave to file an amended Complaint by **July 1, 2008** in accordance with this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of June, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record